UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS CLEMMONS,

      Petitioner,

                                                 Case No. 2:20-cv-13265

v.                                             Hon. Arthur J. Tarnow

MIKE BROWN,

      Respondent.
_____/

**ORDER GRANTING RESPONDENT'S MOTION TO TRANSFER SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT [ECF No. 7]**

Michigan prisoner Marcus Clemmons, ("Petitioner"), has filed a second petition for a writ of habeas corpus challenging his 2005 Saginaw Circuit Court jury trial conviction for second-degree murder and other offenses, for which he is serving a lengthy term of imprisonment.

Petitioner unsuccessfully pursued direct review of his conviction in the state courts. *People v. Clemmons*, No. 266331, 2007 WL 1345867 (Mich. Ct. App. May 8, 2007); *People v. Clemmons*, 737 N.W.2d 504 (Mich. 2007) (Table).

On March 31, 2008, Petitioner filed his first petition for writ of habeas corpus with this Court, raising the same claims he presented to the state courts on direct review. The Court denied the petition, finding that the claims

*Clemmons v. Brown*, Case No. 20-13265 were without merit. *Clemmons v. Bell*, No. 08-11359, 2009 WL 3300034 (E.D. Mich. Oct. 14, 2009) (Cohn, J.). Petitioner appealed this decision, but the Sixth Circuit denied his application for a certificate of appealability. *Clemmons v. Bell*, No. 09-2415 (6th Cir. June 23, 2010).

On May 9, 2017, Petitioner returned to the state trial court and filed a motion for relief from judgment. (ECF No.8-12.) The motion asserted, in part, that one of the key prosecution witnesses who testified at trial was coerced by the police and prosecution to testify falsely against him. The motion was supported by affidavits from the recanting eyewitness and another inmate who told Petitioner about the recantation while the two were housed at the same facility. (Id., PageID.946-954.)

The trial court denied the motion. (ECF No. 8-13.) Petitioner appealed, and after receiving no relief in the Michigan Court of Appeals, the Michigan Supreme Court remanded the case to the trial court to reconsideration the motion in light of the state-law standard for evaluating claims of entitlement to a new trial on account of newly discovered evidence. *People v. Clemmons*, 925 N.W.2d 827 (Mich. 2019) (Table); (ECF No. 8-19, PageID.1085.)

After ordering further briefing, the trial court again denied the motion for relief from judgment. (ECF No. 8-17.) Petitioner appealed, but both the

*Clemmons v. Brown*, Case No. 20-13265

Michigan Court of Appeals and Michigan Supreme Court denied relief. (ECF No. 8-20, PageID.1194; ECF No. 8-21, PageID.1304.)

Petitioner than initiated this action, his second bid for federal habeas relief, by filing the present petition directly with this Court. The petition indicated that Petitioner pursued direct and post-conviction review in the state courts, but it did not disclose the existence of Petitioner's first federal habeas petition, (ECF No. 1, PageID.2-5.) The petition claims that Petitioner is entitled to habeas relief based on the newly discovered evidence regarding the presentation of false testimony at trial. (Id., PageID.12.) The petition raises two additional claims not based on new evidence. (Id., PageID.18, 20.)

Petitioner was required to seek authorization to file a second habeas petition with the Sixth Circuit before filing this action. Federal district courts lack jurisdiction to consider successive habeas petitions absent preauthorization from the court of appeals. *Franklin v. Jenkins*, 839 F.3d 465, 473 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3)); *Felker v. Turpin*, 518 U.S. 651, 664 (1996). When a habeas petitioner files a second or successive habeas petition in the district court without preauthorization, the district court *must* transfer the case to the court of appeals. See 28 U.S.C. § 1631; *Sims*

*Clemmons v. Brown*, Case No. 20-13265

*v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997).

While the existence of new evidence discovered after his first federal habeas proceeding may have some bearing on the likelihood of Petitioner successfully moving in the Sixth Circuit for permission to file a second habeas petition under 28 U.S.C. § 2244(b)(2)(B), it does not provide a basis for this Court to consider his successive petition without preauthorization from the Sixth Circuit.

Respondent's motion to transfer the petition is therefore granted. The Clerk of the Court shall transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 for a determination of whether Petitioner may file a successive petition.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Court

Dated: March 4, 2021